PHILLIP A. TALBERT
United States Attorney
ROBERT C. ABENDROTH
AARON D. PENNEKAMP
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MANISH PATEL,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-CR-0221-CKD<br><br>MISDEMEANOR PLEA AGREEMENT<br><br>COURT: Hon. Carolyn K. Delaney |

## I.　INTRODUCTION

### A.　Scope of Agreement

The information in this case charges the defendant with a violation of 21 U.S.C. §§ 331(c) and 333(a)(1) – Receipt of Misbranded Drugs in Interstate Commerce. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.　Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

concerning the criminal activities of defendant, including activities that may not have been charged in the information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea

The defendant will plead guilty to the one-count information. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.     Special Assessment

The defendant agrees to pay a special assessment of $25 within 30 days of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office within 30 days of the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that

PLEA AGREEMENT                                        2

deadline. If the defendant is unable to pay the special assessment within 30 days of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### C. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a cooperating defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**D.    Forfeiture**

The defendant agrees to sign a Stipulation for Consent Judgment of Forfeiture in a related forfeiture case, forfeiting to the United States all of his right, title, and interest in the following property:

1. 1979 Learjet 25D Century III, Tail No, N25CY, including all log books and other documents related to historical air travel for the Learjet; and

2. $250,000.00 in U.S. Currency;

The stipulation must be signed concurrently with the signing of this plea agreement.

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States

Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III. THE GOVERNMENT'S OBLIGATIONS

#### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the indictment pending in this case. The government also agrees that it will not prosecute the defendant for any other offense known to the United States Attorney's Office for the Eastern District of California, learned during the investigation or instant prosecution which forms the basis of the indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.C (Defendant's Violation of Plea Agreement) and VII.B (Waiver of Appeal) herein.

#### B. Recommendations

##### 1. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

#### C. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may

impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation, if such cooperation exists, will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8, unless the information is used to respond to representations made to the Court by the defendant, or on his behalf, that contradict information provided by the defendant during his cooperation, if such cooperation exists.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to Count One, Receipt of Misbranded Drugs in Interstate Commerce in violation of 21 U.S.C. §§ 331(c), 333(a)(1):

First: That the defendant received an article in interstate commerce and proffered delivery thereof for pay or otherwise;

Second: The article received was a drug, as defined in 21 U.S.C. § 321(g)(l)(C), because it constituted an article except food that was intended to affect the structure or any function of the body of human beings; and

Third: That the article was misbranded because the article's label, in package form, either: (a) failed to contain its manufacturer, packer, or distributor; or (b) failed to contain adequate directions for use.

The defendant fully understands the nature and elements of the crimes charged in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

**A. Maximum Penalty**

The maximum sentence that the Court can impose is one year of incarceration, a fine of $1,000, a three year period of supervised release and a special assessment of $25. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the

PLEA AGREEMENT 6

amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to one year of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these two circumstances occur infrequently and that in all other cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.C (Defendant's Violation of Plea Agreement) herein.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

PLEA AGREEMENT                              8

## VIII.  ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.  APPROVALS AND SIGNATURES

A. **Defense Counsel:**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: September 7, 2023

VIKAS BAJAJ
Counsel for Defendant

B. **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: September 7, 2023

MANISH PATEL, Defendant

C. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: Sept. 7, 2023

PHILLIP A. TALBERT
United States Attorney

ROBERT C. ABENDROTH
AARON D. PENNEKAMP
Assistant United States Attorneys

EXHIBIT "A"

Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Sometime prior to February 2017, a group of individuals used money derived from the sale of marijuana to collectively purchase a 1979 Learjet 25D Century III, Tail No, N25CY, including all log books and other documents related to historical air travel for the Learjet (collectively referred to as "the Learjet"). The Learjet was later registered in the name of a foreign trust, but controlled by Patel. On occasion, Patel used the Learjet to fly between California and other states such as New York and New Jersey in order to meet with people involved in the marijuana industry. Clients of Patel's obtained a license to cultivate marijuana and manufacture cannabis-derived products pursuant to California state law, which would allow those clients to cultivate marijuana and manufacture marijuana-derived products under California state law. In 2019, Patel's clients lost their license. Thereafter, Patel helped his clients to negotiate the lease for a commercial building in El Dorado County, State and Eastern District of California.

On May 13, 2019, following an investigation by the El Dorado County Sheriff's Office, officers applied for and obtained a search warrant for the commercial property leased by Patel's clients. Later, officers identified a residential rental property located in Granite Bay, California ("the Granite Bay residence"), where Patel stayed during his trips to California. Officers obtained a warrant to search the Granite Bay residence. Officers located a safe inside the bedroom of the Granite Bay residence, and—inside the safe—officers found approximately $394,741.75 in United States Currency. The parties agree and stipulate that $250,000.00 of the currency found inside the safe constituted proceeds derived from the sale of marijuana.

On June 13, 2019, officers obtained a search warrant allowing them to search a hangar at Mather Field Airport housing the Learjet as well as the Learjet itself. Officers executed the search warrant. Inside the Learjet, officers found United States currency and boxes filled with marijuana-derived products, including a box containing boxes labeled "Three Kings Cannabis Vape Cartridge" (the "Vape Cartridges").

The Vape Cartridges were designed to be used through an electronic cigarette or vape pen and had been manufactured to affect the structure or any function of the body of human beings. The Vape Cartridges had been manufactured with items shipped in interstate commerce, and the Vape Cartridges were intended for later delivery for retail sale. The Vape Cartridges were in package form; however, the packages did not identify the Vape Cartridges' manufacturer, packer, or distributor. Also, the Vape Cartridges' packages did not contain directions for use. Consequently, the Vape Cartridges were misbranded. The defendant admits that he received the misbranded Vape Cartridges in interstate commerce which would later be proffered for delivery for pay through retail sale.

I, MANISH PATEL, have read the Factual Basis for Plea and agree to the facts and stipulations contained therein. I admit that I received in interstate commerce an article constituting a misbranded drug in violation of 21 U.S.C. §§ 331(c) and 333(a)(1) as detailed above.

Dated: September 7, 2023

_____
MANISH PATEL, Defendant